UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KELVIN JONES,<br><br>               Petitioner,<br><br>               v.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent. | Civil Action No. 14-1557 (WHW)<br><br>**MEMORANDUM AND ORDER** |

*Pro se* Petitioner Kelvin Jones, a prisoner confined at the FCI Elkton, Lisbon, Ohio, seeks to file a motion to vacate, pursuant 28 U.S.C. § 2255. Local Civil Rule 81.2 provides:

> Unless prepared by counsel, . . . motions under 28 U.S.C. §2255 shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L. Civ. R. 81.2(a).

Petitioner did not use the habeas form supplied by the Clerk for Section 2255 motions, *i.e.*, AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014).

THEREFORE, it is on this __19__ day of __March__, 2014,

ORDERED that the Clerk of the Court shall administratively terminate this matter, without filing the motion, and Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and if this matter is reopened in accordance with the terms of this Memorandum and Order, it is not subject to the statute of limitations time bar if Petitioner's original submission in this matter was filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (2013) (distinguishing administrative terminations from

dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (2013) (describing prisoner's mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (*per curiam*) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs"); and it is further

ORDERED that the Clerk of the Court shall forward Petitioner a blank section 2255 form titled "AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014)"; and it is further

ORDERED that the Clerk's service of the blank Section 2255 form shall not be construed as this Court's finding that if Petitioner's original submission in this matter is or is not timely, or that Petitioner's claims are or are not procedurally defaulted; and it is further

ORDERED that if Petitioner wishes to reopen this matter, he shall so notify the Court, in a writing addressed to the Clerk of the Court, within 30 days of the date of entry of this Memorandum and Order. Petitioner's writing shall include a complete, signed habeas petition on the appropriate form; and it is further

ORDERED that upon receipt of a writing from Petitioner stating that he wishes to reopen this matter, and a complete, signed petition, the Clerk of the Court will be directed to reopen this matter; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

WILLIAM H. WALLS
United States District Judge