NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KELVIN JONES, : | |
| Petitioner, : | Civil Action No. 14-1557 (WHW) |
| v. : | |
| UNITED STATES OF AMERICA, : | **MEMORANDUM OPINION** |
| Respondent. : | **AND ORDER** |

This matter is before the Court upon Petitioner's submission of his amended Section 2255 motion. See ECF No. 7.

On March 10, 2014, about thirty days prior to expiration of his one-year limitations period, Petitioner submitted his initial Section 2255 motion. See ECF No. 1. In light of this District's adoption of a new Section 2255 form containing a notice advising litigants if their rights under United States v. Miller, 197 F.3d 644 (3d Cir. 1999), this Court directed the Clerk to serve Petitioner with such new form so Petitioner would be able to file an amended Section 2255 motion on the correct form and verify that he was duly advised of his Miller rights. See ECF No. 2. Petitioner, ignoring the form served upon him, failed to file an amended Section 2255 motion; rather, he filed the documents titled "Notice of Filing of Additional Supplemental Pages . . ." and "Affidavit . . . in Support," see ECF Nos. 3 and 4, and an application promising to file more "supplemental pages" in sixty days. See ECF No. 5. Presuming that Petitioner, a pro se litigant, might have misunderstood this Court's directive, the Court ordered the Clerk to

re-serve Petitioner with the new form and generously extended Petitioner's time to file his amended Section 2255 motion by sixty days. See ECF No. 6.

In response, Petitioner filed the amended Section 2255 motion at bar containing fifteen claims disguised as ten: because Petitioner's "ground one" contained six different "sub-grounds." See ECF No. 7, at 5. Also, this "ground one" was unsupported by a factual predicate elaborating on these "sub-grounds"; rather, it contained a mere promise that "[t]he supportive facts will be detailed and argued in [Petitioner's] Memorandum Brief, yet to be filed [on an unspecified date that Petitioner will select]." Id.

So executed, Petitioner's amended Section 2255 motion violates the Habeas Rules. It is Petitioner's obligation to detail the factual predicate underlying each of his claims. "Habeas corpus petitions must meet heightened pleading requirements," McFarland v. Scott, 512 U.S. 849, 856 (1994), and Habeas Rule 2(c) requires a petitioner to "state the facts supporting each ground." 28 U.S.C. § 2254 Rule 2(c)(2), applicable to § 2255 through Rule 1(b). Also, Habeas Rule 2 does not envision a pleading of "umbrella" claims containing "sub-grounds" that are different claims. See 28 U.S.C. § 2254 Rule 2(c)(1); see also 28 U.S.C. § 2254 Rule 2(d) ("The petition must substantially follow . . . the form . . . prescribed by a local district-court rule"); Cox v. Warren, No. 11-7132, 2013 U.S. Dist. LEXIS 161588, at *4 and n.2 (D.N.J. Nov. 13, 2013) (pointing out that "umbrella" grounds are unacceptable).

To add, Petitioner's mode of litigation, as evidenced by his latest filing, causes this Court grave concern because Petitioner's refusal to comply with this Court's directives, coupled with his repeated promises to submit "supplemental pages" or "supportive facts" in the future, operate as de facto self-grants of extension of time that

make a mockery of the limitations period, usurp this Court's powers and obstruct adjudication of Petitioner's claims. Indeed, Petitioner's litigation tactics prevent this Court from directing Respondent's answer and render Respondent's timely answer impossible because Petitioner's promises to file more "pages" and to assert more "facts" in the future invite Respondent to shoot at a moving target. For this reason, Petitioner will be allowed one final opportunity to submit his all-inclusive Section 2255 motion, and he is strongly encouraged to do it in good faith. In re Telfair, 745 F. Supp. 2d 536, 580 (D.N.J. 2010) ("The courts in this nation stand ready to address challenges brought by litigants in good faith. Which, in turn, means that the judiciary — including the Judges in this District — expect litigants to treat their litigation with utmost seriousness, without abusing legal process and without unduly testing of the resolve or common sense of the judiciary").

IT IS on this __24__ day of __July__, 2014,

ORDERED that Petitioner's time to submit his all-inclusive Section 2255 motion is extended for fifteen days from the date of entry of this Order; and it is further

ORDERED that Petitioner's all-inclusive Section 2255 motion shall be executed on the new form and shall state all Petitioner's claims, asserting each claim individually, detailing the legal challenge and supporting factual predicate of each claim separately, without making any references or incorporations-by-reference to Petitioner's prior submissions and without unduly grouping different claims into an "umbrella" claim; and it is further

ORDERED that no "pages" or "facts" omitted from Petitioner's all-inclusive Section 2255 motion will be considered, and no litigation trickery will be tolerated; and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail and enclose in said mailing a blank Section 2255 form titled, "AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014)"; and it is finally

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Respondent by means of electronic delivery.

William H. Walls
United States Senior District Judge