NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Crim. Action No. 10-0366 (WHW) |
| v. | : | |
| KELVIN JONES, | : | |
| Defendant. | : | |
| | | |
| KELVIN JONES, | : | |
| Petitioner, | : | Civil Action No. 14-1557 (WHW) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | : | **APPLIES TO BOTH ACTIONS** |

These two matters are before the Court upon a filing made by Kelvin Jones ("Jones" or "Defendant/Petitioner"). That filing was: (a) made in Jones' long-closed criminal matter, United States v. Jones, Crim. Action No. 10-0366 (WHW); and (b) titled "Defendant's Supplemental Arguments and Additional Evidence in Support of New Trial Motion." See id., ECF No. 198.

Following a jury trial, Jones was convicted of armed robbery, conspiracy to commit armed robbery, possession of a firearm in furtherance of a crime of violence and conspiracy to transport stolen goods in interstate commerce. See id., ECF No. 143, at 1. He was sentenced to a term of 195 months. See id. at 2.

Jones appealed his conviction arguing that this Court "erred in failing to reopen an evidentiary hearing regarding a search of his jail cell before trial, and that [this] Court constructively amended the firearm charge through its instructions to the jury." Id., ECF No. 195-2, at 2. The Court of Appeals dismissed Jones' claims. See id., ECF Nos. 195-1 and 195-2, at 2.

On March 10, 2014, Jones submitted his initial Section 2255 motion. See id., ECF dated March 10, 2013. Although he erroneously filed that motion in his underlying criminal matter, the Clerk duly corrected Jones' error and commenced a proper civil action. See Jones v. USA, Civil Action No. 14-1557 (WHW), ECF No. 1. Because this District adopted a new Section 2255 form containing a notice advising litigants if their rights under United States v. Miller, 197 F.3d 644 (3d Cir. 1999), this Court directed the Clerk to serve Jones with such new form to enable Jones' filing of an amended Section 2255 motion containing all his habeas allegations. See id., ECF No. 2.

The Clerk complied with this Court's order, but Jones did not. Ignoring the habeas form served upon him, Jones filed two documents, one titled "Notice of Filing of Additional Supplemental Pages . . ." and another titled "Affidavit . . . in Support," id., ECF Nos. 3 and 4, and accompanied those documents by an application promising to file "supplemental pages" in sixty days. Id., ECF No. 5.

Presuming that Jones, a pro se litigant, might have misunderstood this Court's directive, the Court ordered the Clerk to re-serve Jones with the District's new habeas form and extended Jones' time to file his amended Section 2255 motion by sixty days. See id., ECF No. 6. In response, Jones filed his first amended Section 2255 motion containing fifteen claims disguised as ten: because his "ground one" contained six

2

different "sub-grounds." See id., ECF No. 7, at 5. That "ground one" was unsupported by a factual predicate; rather, it contained a promise that "[t]he supportive facts will be detailed and argued in [Jones'] Memorandum Brief, . . . to be filed [on an unspecified date that Jones would select]." Id. Because Jones' amended Section 2255 motion violated Habeas Rules 2(c)(1) and (d), this Court explained to Jones that a pleading containing "umbrella" grounds was unacceptable. See id., ECF No. 9, at 2.

> This Court also pointed out that
>
>> [Jones'] mode of litigation, as evidenced by his latest filing, cause[d] this Court grave concern because [Jones'] . . . repeated promises to submit "supplemental pages" or "supportive facts" in the future[] operate[d] as de facto self-grants of extension of time that ma[d]e a mockery of the limitations period, usurp[ed] this Court's powers and obstruct[ed] adjudication of [Jones'] claims. Indeed, [Jones'] litigation tactics prevent[ed] this Court from directing [the Government's] answer and render[ed the Government's] timely answer impossible because [Jones'] promises to file more "pages" and to assert more "facts" in the future invite[ed the Government] to shoot at a moving target.

Id. at 2-3.

> This Court's order closed with an unambiguous statement that
>
>> [Jones would] be allowed *one final opportunity* to submit his *all-inclusive* Section 2255 motion, and he [was] strongly encouraged to do it in good faith.

Id. at 3 (emphasis supplied).

On August 7, 2014, Jones submitted his second amended Section 2255 motion; it contained his averment that he: (a) was aware of his Miller rights; and (b) stated *all* his allegations. See id., ECF No. 10, at 25. Relying on that averment, this Court directed the Government to respond to Jones' allegations. See id., ECF No. 11. This Court's was issued on September 2, 2014, and allowed the Government forty-five days to respond. See id. at 1.

3

Twenty eight days passed by.

On September 30, 2014, the Clerk received Jones' filing at bar titled "Defendant's Supplemental Arguments and Additional Evidence in Support of [Section 2255] Motion." See USA V. Jones, Crim. Action No. 10-0366, ECF No. 198 ("Unauthorized Filing"). This forty-four page Unauthorized Filing was made in Jones' long-closed criminal matter, but it raised a multitude of additional allegations for the purposes of his currently-litigated civil action. See id. Apparently striving to circumvent Jones' Miller averment made in his second amended Section 2255 motion, the Unauthorized Filing maintained that "[n]o new grounds [were] alleged." See id. at 2. That statement was in direct contradiction to the content of the Unauthorized Filing. See id.

This Court already warned Jones that his litigation tactics would not be tolerated because his practice of adding new allegations and factual predicates required the Government to "shoot at a moving target." See Jones v. USA, Civil Action No. 14-1557, ECF No. 9, at 2.[1] This Court already explained to Jones that, under Miller, his second amended Section 2255 motion had to be his all-inclusive pleading and no further allegations, be they factual or legal, would be allowed. See id., ECF No. 11, at 1.

As the Unauthorized Filing demonstrates, this Court's guidance fell on deaf ears.

When Jones was provided with the Miller notice, nothing prevented him from incorporating the assertions he made in the Unauthorized Filing into his second amended Section 2255 motion. He did not do so. With that, he lost his opportunity to raise these assertions in Jones v. USA, Civil Action No. 14-1557. See 28 U.S.C. §§ 2244(b)(3)(A) and (d)).

---

[1] A fortiori, Jones' submission of the Unauthorized Filing in his long-closed criminal matter is wholly unacceptable because the Government (engaged in litigation of Jones, Civil Action No. 14-1557, not Jones, Crim. Action No. 10-0366) was not put on notice about Jones' submission of the Unauthorized Filing.

> To prevent the [self-serving] ignorance [underlying Jones' Unauthorized Filing that aims to add new allegations and factual predicates], the Third Circuit requires district courts to inform [federal habeas] petitioners of the procedural and other limitations imposed by the AEDPA. Accordingly, by [Miller notice contained in this District's new form,] this Court informed [Jones] that his [second amended Section 2255 motion had to] include all available federal claims . . . . [Jones] had actual notice of the limitations . . . imposed by the [law]. Accordingly, he cannot show that some extraordinary circumstance stood in his way and prevented him from presenting his [newly-minted assertions in his second amended Section 2255 motion].

Boretsky v. Ricci, No. 09-0771, 2012 U.S. Dist. LEXIS 37239, at *12-14 (D.N.J. Mar. 20, 2012). For these reasons,

IT IS on this ___28___ day of ___October___, 2014,

ORDERED that the Clerk shall strike Defendant/Petitioner's application filed as ECF No. 198 in United States v. Jones, Crim. Action No. 10-0366, by making a new and separate entry on the docket of that matter reading, "APPLICATION DOCKETED AS DOCKET ENTRY No. 198 IS STRICKEN FROM THE DOCKET AS FILED IN VIOLATION OF THE MILLER BAR AND THIS COURT'S GUIDANCE PROVIDED IN DEFENDANT'S CIVIL ACTION No. 14-1557"; and it is further

ORDERED that Defendant/Petitioner shall make no further filings in United States v. Jones, Crim. Action No. 10-0366. If such filings are made, the Clerk shall strike them from the docket without further notice to Defendant/Petitioner; and it is further

ORDERED that no additional allegations, be they factual or legal, shall be raised by Defendant/Petitioner in Jones v. USA, Civil Action No. 14-1557. Defendant/Petitioner's traverse, if such is filed, may reflect on, and only on, the factual predicates he already asserted in his second amended Section 2255 motion and/or on the legal

5

arguments the Government raises in its answer to his second amended Section 2255 motion; and it is further

ORDERED that Defendant/Petitioner's future attempts to raise additional allegations in Jones v. USA, Civil Action No. 14-1557, be these allegations factual or legal, shall be construed as contempt of court, and sanctions may be applied to Defendant/Petitioner, if warranted; it is finally

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Defendant/Petitioner by regular U.S. mail and upon Respondent in Jones v. USA, Civil Action No. 14-1557, by means of electronic delivery.

                                                        **William H. Walls**
                                            **United States Senior District Judge**